FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 13 2010

JAMES N. HATTEN, CLERK
By: [signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHARICE BAKER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAVALRY PORTFOLIO SERVICES, LLC )<br>AND SHERWIN P. ROBIN & )<br>ASSOCIATES, PC )<br>)<br>Defendants. )<br>_____ ) | CIVIL ACTION<br>FILE NO. 1:10-CV-4061 |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

4. Plaintiff, Sharice Baker ("Plaintiff"), is a natural person who at all relevant times resided in the State of Georgia, County of Henry, and City of McDonough.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Cavalry Portfolio Services, LLC ("CPS") is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. CPS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Sherwin P. Robin & Associates, PC, ("SPR&A") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. SPR&A is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than CPS.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted

to be owed or due a creditor other than CPS, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than CPS.

13. CPS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. SPR&A purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

15. SPR&A acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

16. SPR&A is thoroughly enmeshed in the debt collection business, and SPR&A is a significant participant in CPS's debt collection process.

17. Defendants engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including continuing to attempt to collect a debt from Plaintiff that was owed by another individual despite being informed by Plaintiff that she did not owe the debt. (§ 1692d)).

18. Defendants falsely representing the character, amount, or legal status of a debt, including repeatedly insisting that Plaintiff owed a debt that she did not, in fact, owe (§ 1692e(2)(A)).

19. Defendants have attempted to collect a debt from the Plaintiff, that upon information and belief is owed by another individual with the same name as the Plaintiff, and have continually insisted that Plaintiff owes the debt, and even filed a lawsuit against Plaintiff in a further attempt to collect the debt from the Plaintiff.

20. Defendants failed to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§ 1692g(a)).

21. At no time has either Defendants advised Plaintiff of her right to dispute the debt, or otherwise advised her of her rights pursuant to 1692g.

22. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

### COUNT I—VIOLATIONS OF THE FDCPA
### DEFENDANT CPS

23. Plaintiff repeats and re-alleges each and every allegation above.

24. Defendant CPS violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CPS violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II—VIOLATIONS OF THE FDCPA
### DEFENDANT SPR&A

25. Plaintiff repeats and re-alleges each and every allegation above.

26. Defendant SPR&A violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that SPR&A violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby demands a trial by jury.

This 8th day of December, 2010.

ATTORNEYS FOR PLAINTFF
SHARICE BAKER

Respectfully submitted,

_____
Craig J. Ehrlich
Georgia Bar No. 242240
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 250
(866) 842-3303 (fax)
cehrlich@attorneysforconsumers.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHARICE BAKER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO._____ |
| | ) | |
| CAVALRY PORTFOLIO SERVICES, LLC | ) | |
| AND SHERWIN P. ROBIN & | ) | |
| ASSOCIATES, PC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

Respectfully submitted,

_____
Craig J. Ehrlich
Georgia Bar No. 242240
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 250
(866) 842-3303 (fax)
cehrlich@attorneysforconsumers.com